IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID CHALLENDER,
    Petitioner,

vs.                                     Case No.: 5:16cv98/WTH/EMT

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus, filed under 28 U.S.C. § 2254 (ECF No. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (ECF No. 18). Petitioner responded in opposition to the motion (ECF No. 20).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the pleadings and attachments before the court show that

Respondent's motion to dismiss should be granted, and this habeas action dismissed as untimely.

I.     BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is established by the state court record (ECF No. 18).[1] Petitioner and two co-defendants were charged in the Circuit Court in and for Bay County, Florida, Case No. 2013-CF-1138, with one count of first degree murder (Count I), one count of armed burglary of a dwelling (Count II), and one count of armed robbery (Count III) (Ex. A). The State filed a notice of intent to seek the death penalty (Ex. C). On September 5, 2014, Petitioner entered a written plea agreement, pursuant to which he agreed to plead guilty to the crimes as charged, and he and the State agreed that he would receive three consecutive life sentences, with pre-sentence jail credit of 509 days (Ex. D).[2] The trial court accepted the plea, adjudicated Petitioner guilty, and sentenced him in accordance with the plea agreement (Ex. E). The judgment rendered September 5, 2014 (*id.*).

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's motion to dismiss (ECF No. 18) unless otherwise indicated. Additionally, if a cited page has more than one page number, the court cites to the "Bates stamp" page number.

[2] Petitioner states that one of his co-defendants, Kevin Jeffries, was convicted of the same charges and sentenced to death (*see* Ex. H at 21). The other co-defendant, Ashley Griffin, testified at Jeffries' trial and received a 20-year prison sentence (*see id.*0.

Case No.: 5:16cv98/WTH/EMT

On March 23, 2016, Petitioner filed the instant § 2254 petition (ECF No. 1). Petitioner contemporaneously filed a "Petition for Extraordinary Relief," requesting equitable tolling of the federal limitations period (*id.* at 29–39).[3] In Petitioner's § 2254 petition, he acknowledged that none of his claims were exhausted in the state courts (*id.* at 5–26). He requested a stay of this proceeding while he exhausted his claims in state court (*id.* at 25, 26, 28).

On July 11, 2016, Petitioner filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. F). The court struck the motion as facially insufficient, with leave to file an amended motion within sixty (60) days (Ex. G). Petitioner filed an amended motion on October 28, 2016 (Ex. H).

II.   ANALYSIS

A one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] The page references to the parties' pleadings reflect the page numbers automatically assigned by the court's electronic docketing system, rather than those the parties may have assigned.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

    A.    <u>Appropriate Statutory Trigger</u>

Respondent argues that the appropriate statutory trigger for the federal limitations period in this case is the finality date of the judgment of conviction, pursuant to § 2244(d)(1)(A) (*see* ECF No. 18 at 3–4). Respondent asserts that because Petitioner did not directly appeal the judgment, the federal "habeas clock" began to run on October 6, 2014, which is 30 days from the date of the judgment (plus 1 day, because the 30th day fell on a Sunday) (*id.*).

The court will first calculate the federal filing deadline using the "finality date" trigger, and then determine whether Petitioner has demonstrated that a different trigger applies. The state court record affirms that Petitioner's conviction became final on

Monday, October 6, 2014, upon expiration of the 30-day period for filing a notice of appeal of the judgment of conviction rendered September 5, 2014. *See* Fla. R. App. P. 9.140(b)(3); *see also* Fla. R. Jud. Admin. 2.514(a)(1)(C) (if the last day of the period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday). The federal statute of limitations thus began to run on October 7, 2014, the day after the 30-day period for Petitioner to file a direct appeal expired.[4] Petitioner had one year from that date, or until October 7, 2015, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citing Ferreira v. Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007)).

Petitioner argues that the statutory trigger set forth in § 2244(d)(1)(B) applies (*see* ECF No. 1 at 29). In order to take advantage of § 2244(d)(1)(B), Petitioner must show that (1) there was governmental action, (2) in violation of the Constitution or laws of the United States, (3) which prevented him from filing his § 2254 petition, and

---

[4] Federal Rule of Civil Procedure 6(a) provides that "[i]n computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included." Fed. R. Civ. P. 6(a); *see also* Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (Rule 6 applies to calculation of one-year statute of limitations under AEDPA).

Case No.: 5:16cv98/WTH/EMT

(4) which action has been removed. *See* Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000).[5]

Petitioner alleges two days prior to his conviction in this case, he was convicted of escape in the Circuit Court for Holmes County, Florida (*see* ECF No. 20 at 1; ECF No. 1 at 30). Petitioner alleges that because of the escape conviction, he was immediately placed in Close Management ("CM") custody (apart from the general inmate population) upon his receipt into the Florida Department of Corrections ("FDOC") (ECF No. 1 at 30–32; ECF No. 20 at 1–2). Petitioner alleges while he was in CM, he wrote to the public defender who represented him at trial, Attorney Jewell, and requested that she send his "legal paperwork" (*see* ECF No. 1 at 30). Petitioner alleges Jewell sent him "some of his legal paperwork" after several months, but she did not send "the necessary paperwork to effectuate any direct or collateral attack" (*id.* at 30–31, 37). Petitioner alleges nevertheless, he submitted an inmate request for a visit from an inmate law clerk and delivery of "forms necessary for a timely collateral attack" from the institutional law library (*id.* at 31). Petitioner alleges he did not receive a response to his request; therefore, he initiated the administrative grievance

---

[5] Akins involved the one-year time limit for filing a 28 U.S.C. § 2255 motion, which similarly provides for later possible commencement dates. *See* § 2255(f)(2) (commencing the time from the date a government created unconstitutional impediment to filing is removed, if the movant was prevented from making a motion by such governmental action).

Case No.: 5:16cv98/WTH/EMT

process requesting the forms and law clerk assistance, "but to no avail" (*id.*). Petitioner alleges he was housed in CM from September of 2014 to September of 2015, and during that year he continually filed inmate requests and grievances in an effort to obtain forms and law clerk assistance (ECF No. 20 at 2). Petitioner alleges his placement on CM "precluded me from filing anything at all" (*id.*). Petitioner alleges he was released from CM in September of 2015 and transferred to his present location, where he obtained "the necessary forms and law clerk assistance to effectuate his direct and/or collateral attack" (ECF No. 1 at 31; *see also* ECF No. 20 at 1–2).

The mere inability of a prisoner to access certain legal materials is not, in itself, an unconstitutional impediment. *See* Akins, 204 F.3d at 1090. To show an impediment which would trigger the later commencement date for the one-year limitations period, Petitioner must demonstrate both actual harm or injury, that is, that he was actually prevented from exercising his right of access to courts to attack his convictions, and that the impediment was unconstitutional because it was not "reasonably related to legitimate penological interests." *Id.* (quoting Lewis v. Casey, 518 U.S. 343, 361, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996)) (other citations omitted).

Petitioner has not demonstrated that governmental action actually prevented him from exercising his right of access to the courts to attack his conviction during the year he spent in CM, from September of 2014 to September of 2015. The copy of the state court docket submitted by Respondent shows that Petitioner communicated with the state trial court during that period (*see* Ex. J). More specifically, the docket shows that Petitioner communicated with the trial court on May 27, 2015, regarding the filing of a direct appeal, and the state court responded the same day (*id.*). Petitioner again communicated with the state court on August 12, 2015, and the court responded on August 20, 2015 (*id.*). Petitioner was thus able to access the courts during the period he was housed in CM.

Additionally, although Petitioner asserts he was prevented from obtaining "necessary forms" from the institutional law library, he does not allege he made any attempt to obtain forms from the state court or this federal court. As previously discussed, Petitioner was able to communicate with the courts, and had he simply communicated with this federal court and requested a federal habeas form, the clerk of court would have provided it.

Petitioner failed to show that his placement in CM from September of 2014 to September of 2015 prevented him from filing a timely § 2254 petition. Therefore, he

failed to demonstrate that § 2244(d)(1)(B) is the appropriate trigger for the federal limitations period.

Because Petitioner has not demonstrated that any of the circumstances enumerated in § 2244(d)(1)(B)–(D) apply in this case, the court must apply the "finality date" trigger of § 2244(d)(1)(A). As previously discussed, applying that trigger results in a deadline of October 7, 2015, for Petitioner to file a timely § 2254 petition. Petitioner did not file his federal petition on or before October 7, 2015; therefore, it is untimely unless he demonstrates that tolling principles apply and render it timely.

### B. Tolling

#### 1. Statutory tolling

The time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitations period. *See* 28 U.S.C. § 2244(d)(2). Petitioner had no post-conviction applications pending in the state courts from October 7, 2014 to October 7, 2015. Therefore, he does not qualify for statutory tolling during that period.[6]

---

[6] Any applications for state post-conviction or other collateral review filed <u>after</u> October 7, 2015, when the federal limitations period expired, could not toll the limitations period. *See* Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Case No.: 5:16cv98/WTH/EMT

    2.    <u>Equitable tolling</u>

Petitioner contends he is entitled to equitable tolling due to two circumstances, "attorney abandonment" and his placement in CM custody from September of 2014 to September of 2015 (*see* ECF No. 1 at 30–37; ECF No. 20 at 1–2). Petitioner alleges that upon his conviction, Attorney Jewell informed him that because he was convicted of escape, he would be placed in CM custody upon his receipt into the FDOC (ECF No. 1 at 30, 32, 35, 37). Petitioner alleges Attorney Jewell advised him to leave his "legal materials" with her, because prison officials would take them from him when they placed him in CM (*id.*). Petitioner additionally alleges he instructed Jewell to file a notice of appeal, and she agreed (*id.* at 32). Petitioner alleges he subsequently discovered that Attorney Jewell "was wrong about his legal papers" (*id.* at 30). Petitioner alleges he wrote to Jewell "regarding the direct appeal he thought she had filed," and he requested that she send his legal papers (*id.*). Petitioner alleges that after "several months" Attorney Jewell sent "some of his legal paperwork," but she did not send "the necessary paperwork to effectuate any direct or collateral attack" (*id.* at 30–31, 37). Petitioner alleges during the year he spent in CM, from September of 2014 to September of 2015, he did not have access to forms and law clerk

assistance from the institutional law library (ECF No. 1 at 31–32, 36–37; ECF No. 20 at 1–2).

"Because the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, the Supreme Court has held § 2244(d) does not bar the application of equitable tolling in an appropriate case." Cole v. Warden, Ga. State Prison, 768 F.3d 1150, 1157 (11th Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 645, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010)). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649. As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet v. Fla. Dep't of Corr., — F.3d —, 2017 WL 727547, at *3 (11th Cir. Feb. 24, 2017) (internal quotation marks and citation omitted). Equitable tolling is assessed on a case-by-case basis, considering the specific circumstances of the case. Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012); *see* Holland, 560 U.S. at 649–50 (clarifying that the exercise of a court's equity powers must be made on a case-by-case basis). A petitioner has the burden of establishing his entitlement to equitable tolling; his supporting allegations must be specific and not conclusory. Hutchinson, 677 F.3d

at 1099.  "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Holland, 560 U.S. at 653; *see also* Smith v. Comm'r, Ala. Dep't of Corr., 703 F.3d 1266, 1271 (11th Cir. 2012) (per curiam) (acknowledging petitioners are not required "to exhaust every imaginable option, but rather to make reasonable efforts").  Determining whether a factual circumstance is extraordinary to satisfy equitable tolling depends not on how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.  Cole, 768 F.3d at 1158 (quotation marks and citation omitted).

"[Equitable] [t]olling based on counsel's failure to satisfy AEDPA's statute of limitations is available only for 'serious instances of attorney misconduct.'" Christeson v. Roper, — U.S. —, —, 135 S. Ct. 891, 894, 190 L. Ed. 2d 763 (2015) (quoting Holland, 560 U.S. at 651–52).  Attorney negligence, even gross negligence, is not, by itself, a serious instance of attorney misconduct sufficient to meet the extraordinary circumstance requirement for equitable tolling, even though it violates the ABA model rules.  *See* Cadet, 2017 WL 727547, at *16–17.

Abandonment is an extraordinary circumstance that can, when coupled with reasonable diligence by the petitioner, justify equitable tolling.  *See* Cadet, 2017 WL

727547, at *16. Abandonment denotes absolute renunciation or withdrawal, or a complete rejection or desertion of one's responsibilities, a walking away from a relationship. *See* Cadet, 2017 WL 727547, at *14 (citing Abandon, Black's Law Dictionary (6th ed. 1990) (defining "abandon" as "[t]o give up absolutely; to forsake entirely; to renounce utterly; to relinquish all connection with or concern in; to desert"); Abandon, Webster's New World College Dictionary (3d ed. 1991) (defining "abandon" as "to give up (something) completely or forever" and explaining that it "implies leaving a person or thing, either as a final, necessary measure . . . or as a complete rejection of one's responsibilities, claims, etc."); Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004) (equating "abandonment" with "physical disappearance or constructive disappearance") (citations omitted). Temporary abandonment during a critical period may be enough even if the attorney "un-abandons" his client after the harm has occurred or can no longer be avoided; but the reason the filing deadline was missed must be because of abandonment or some other extraordinary circumstance, not negligence, or even gross negligence, alone. Cadet, 2017 WL 727547, at *14.

Circumstances other than abandonment can meet the extraordinary circumstance element for equitable tolling. *See* Cadet, 2017 WL 727547, at *16.

Among them are bad faith, dishonesty, divided loyalty, and mental impairment on the part of the petitioner's counsel. *Id.*

The court does not need to decide whether a petitioner has established that his attorney's misconduct rose to the level of an "extraordinary circumstance," if the petitioner has not carried his burden of showing that he pursued his rights diligently. *See, e.g.,* Melson v. Comm'r, Ala. Dep't of Corr., 713 F.3d 1086, 1089 (11th Cir. 2013); Hutchinson v. Fla., 677 F.3d 1097 (11th Cir. 2012). Additionally, for equitable tolling to apply, there must be a causal connection between the extraordinary circumstances and the failure to file on time. *See* Thomas v. Att'y Gen., 795 F.3d 1286, 1292 (11th cir. 2015). Absent a causal connection, tolling is not available. *Id.*

Petitioner's allegations do not show that he was pursing his rights diligently during the federal limitations period, and that he was prevented from meeting the one-year federal filing deadline by the combination of Attorney Jewell's conduct (i.e., her failure to file a timely notice of appeal and her handling of Petitioner's legal materials) and his CM custody from September of 2014 to September of 2015. Petitioner was aware, pursuant to the express terms of the plea agreement he signed, that (1) he was making the plea without reservation of the right to appeal the judgment, including his guilt or innocence; (2) he would not be entitled to the services of a public defender for

any appeal other than an appeal based upon an illegal sentence; and (3) he must file any notice of appeal within thirty (30) days of sentencing (Ex. D). Petitioner thus knew that the deadline for filing a timely notice of appeal was October 6, 2014. Petitioner's first communication with the state trial court was not until seven (7) months later, on May 27, 2015 (*see* Ex. J). That docket entry states, "Letter from defendant regarding filing direct appeal" (*id.*). The trial court responded to Petitioner's letter the same day (*id.*). Petitioner does not allege he made any attempt to file, or inquire about filing, a belated appeal.

More importantly, Petitioner acknowledges he received some of his legal materials from Attorney Jewel after "several months," and obviously those materials were sufficient to enable Petitioner to file a federal habeas petition, as evidenced by the fact that Petitioner commenced this case (and his state post-conviction proceeding) with those materials. All Petitioner needed to do was write to this court and request a petition form, or send a free-form petition and amend it after the court sent the form. Though Petitioner communicated twice with the state trial court during his CM confinement, he does not allege he made any effort, let alone a reasonably diligent effort, to assert a state or federal challenge to his conviction during that time, for

example by requesting a form from either court, or that he otherwise endeavored to comply with the one-year federal deadline.

Additionally, Petitioner states he was released from CM in September of 2015, when he still had time on the federal clock. The federal filing deadline did not expire until October 7, 2015. Petitioner does not allege he made any effort to file his federal petition or a state tolling application upon his release from CM.

Petitioner's allegations fail to show that he was pursuing his rights diligently from the date of his conviction to expiration of the federal deadline, on October 7, 2015, and that he was prevented from meeting that deadline by Attorney Jewell's conduct or his CM custody, or both. Therefore, Petitioner failed to show that equitable tolling is warranted in this case.

III. CONCLUSION

Petitioner's § 2254 petition was not filed within the one-year statutory limitations period of § 2244(d)(1). Therefore, Respondent's motion to dismiss should be granted, and the § 2254 petition dismissed with prejudice as untimely.

IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." If a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" Buck v. Davis, 580 U.S.—, — S. Ct. —, No. 15-8049, 2017 WL 685534, at *11 (Feb. 22, 2017) (quoting Miller-El, 537 U.S. at 327). Here, Petitioner cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party

may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Respondent's motion to dismiss (ECF No. 18) be **GRANTED**.

2. That the habeas petition (ECF No. 1) be **DISMISSED** with prejudice as untimely.

3. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 1st day of May 2017.

> /s/ *Elizabeth M. Timothy*
> **ELIZABETH M. TIMOTHY**
> **CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**